Probate Court of Tuscarawas County.

HIRAM STOCKER, ADMR. V. DELILAH TRANTER, ET AL.*

Decided February 23, 1934.

*Wilkin, Fisher & Limbach,* for plaintiff.
*J. E. Patrick,* for Herschel Mundy, a defendant.

LAMNECK, J.

This is an action brought by Hiram Stocker, Administrator of the Estate of Francis Haga, deceased, who died on November 29, 1932, to determine the heirs of said Francis Haga and their respective interests in his estate.

Said decedent left no spouse or issue surviving. His father and mother and all of his brothers and sisters predeceased him. Of his seven brothers and sisters, three died without issue. The nearest of kin are eight nephews and nieces; twenty-three grand-nephews and grand-nieces, children of six deceased nephews and nieces; and one great-grand-nephew, the grand-child of a deceased niece and a child of a deceased grand-niece.

It is contended on one side that the estate should be distributed *per stirpes,* the brothers and sisters being the *stirps* or roots, thus dividing the estate into four main parts, which are subdivided *per stirpes.* On the other hand, it is contended that the living nephews and nieces take *per capita* while the descendants of deceased nephews and nieces take *per stirpes.*

---

*No motion for new trial was filed in this case within the time required by statute.

Subsection 6 of Section 10503-4, General Code, reads as follows:

"If there be no spouse, no children or their lineal descendants, and no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of the intestate, or their lineal descendants, *per stirpes.*"

It would be clear that if this section stood alone, the estate should be divided into four parts, as the *stirps* or roots would be the brothers and sisters of the deceased, and since all are deceased their descendants would take *per stirpes.* In other words, the descendants of each brother and sister would take the share that each brother and sister would have received if they had survived the decedent.

But since the beginning of Section 10503-4, General Code, provides that property shall descend as provided therein, "except as otherwise provided by law," other sections of the chapter on descent and distribution must be considered to determine this matter.

Section 10503-7, General Code, reads as follows:

"When all of the descendants of an intestate, in a direct line of descent, are on an equal degree of consanguinity to the intestate, whether children, grand-children, or great-grand-children, or of a more remote degree of consanguinity to such intestate, the estate shall pass to such persons of equal degree of consanguinity to such intestate in equal parts, however remote from the intestate such equal and common degree of consanguinity may be."

The provisions of this section include collateral heirs as well as lineal descendants. (*Hasse* v. *Morrison,* 110 Ohio St., 153, 143 N. E., 551).

Consequently, under this section, if only nephews and nieces survived, they would take *per capita.*

Section 10503-8, General Code, provides that living children take *per capita,* and when there are living children, the descendants of deceased children take *per stirpes.* Section 10503-9, General Code, provides that Section 10503-8, General Code, shall include descendants other than children and grand-children so "those who are of the nearest degree of consanguinity, will take the share to which he or

she would have been entitled had all the descendants in the same degree * * * been living." Thus, if Sections 10503-7, 10503-8 and 10503-9, General Code, are controlling where they are inconsistent with Section 10503-4, General Code, the nephews and nieces in this case would take *per capita,* and the descendants of deceased nephews and nieces would take *per stirpes.*

Sections 10503-4, 10503-7, 10503-8 and 10503-9, General Code, must be read in *pari materia,* because Section 10503-4, General Code, states that its specific provisions are applicable "except ₁as otherwise provided by law." Sections 10503-7, 10503-8 and 10503-9, General Code, are inconsistent in part with the provisions of subsection 6 of Section 10503-4, General Code, and are therefore controlling in so far as they are inconsistent therewith because of the use of the words "except as otherwise provided by law" in Section 10503-4, General Code.

While Sections 10503-7, 10503-8 and 10503-9, General Code, are re-enactments of former Sections 8581, 8582 and 8583, General Code, which have been in force for a great many years, there is no merit in the contention that since Section 10503-4, General Code, subsection 6, is a new section, it should be controlling. Before Section 10503-4, General Code, was enacted, in its present form, it was held that under the general rule property descended *per stirpes,* and that former Sections 8581, 8582 and 8583, General Code, now Sections 10503-7, 10503-8 and 10503-9, General Code, modified the general rule. There is, therefore, no reason why Sections 10503-7, 10503-8 and 10503-9, General Code, should be construed any differently now than they were before the enactment of present Section 10503-4, General Code.

In the case of *Ewers* v. *Follin,* 9 Ohio St., 327, it was held that nephews and nieces of an intestate inherited *per capita,* and the children of a deceased nephew or niece *per stirpes.* This decision was reaffirmed by our Supreme Court in the case of *Hasse* v. *Morrison, supra.*

It must, therefore, be held in this case that the nephews and nieces take *per capita,* and the descendants of deceased nephews and nieces take *per stirpes.*